# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREIVER ALFREDO MUNOZ,<br><br>                                    Petitioner,<br><br>v.<br><br>WARDEN, OTAY MESA DETENTION CENTER,<br><br>                                    Respondent. | Case No.:  3:26-cv-03655-RBM-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Andreiver Alfredo Munoz's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED**.

## I.    BACKGROUND

**A.    Factual Background**

Petitioner, a native and citizen of Venezuela, entered the United States near Eagle Pass, Texas, on September 21, 2023. (Doc. 1 at 3.)  After presenting himself to immigration authorities, Petitioner was processed and issued a Notice to Appear which charged him with removability under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as a noncitizen present in the United States without being admitted or paroled and commenced removal proceedings against him.  (*Id*. at 4; *see* Doc. 1-3, Ex. A at 3.)  On September 26, 2023, Petitioner was released pursuant to an Order of Release on Recognizance.  (*Id*. at 4; *see* Doc. 1-3, Ex. D at 12.)  Petitioner's removal proceedings

remain pending.  (*Id*. at 4.)

On December 30, 2025, Petitioner was arrested by Utah Highway Patrol in connection with a 2024 uninsured motorist traffic citation.  (*Id*.)  Petitioner was then transferred to U.S. Immigration and Custom Enforcement's ("ICE") custody and has remained detained at the Otay Mesa Detention Center ever since.  (*Id*.)

**B.      Procedural Background**

On March 13, 2026, Petitioner, proceeding *pro se*, filed his first Petition for a Writ of Habeas Corpus ("Original Petition").  *See Munoz v. Warden, Otay Mesa Detention Ctr.*, Case No. 3:26-cv-01601-RBM-VET (S.D. Cal., Mar. 13, 2026), ECF No. 1.  On March 17, 2026, this Court dismissed the Original Petition on screening with leave to amend based Petitioner's failure to sufficiently state a habeas claim.  *See id*., ECF. No. 2 at 1–3.

Petitioner filed an Amended Petition on April 20, 2026.  *Id*., ECF No. 3.  The Court dismissed the Amended Petition without prejudice, finding that Petitioner again failed to state a habeas claim.  *Id*., ECF No. 5 at 2–3.

On June 22, 2026, Petitioner commenced the instant action by filing a third Petition. (Doc. 1.)  Pursuant to this Court's Order (*see* Doc. 5), Respondents filed a Response on July 7, 2026.  (Doc. 6.)

## II.      LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

3:26-cv-03655-RBM-DDL

### III.  <u>DISCUSSION</u>

Petitioner "challenges the legality and constitutionality of his continued [immigration] detention."  (Doc. 1 at 3.)  Respondents assert that "Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)[,]" but nonetheless maintain their position that "Petitioner is subject to mandatory detention under § 1225(b)(2)."  (Doc. 6 at 2.)  Respondents "acknowledge[ ] that this Court's prior decisions will control the result here . . . , as the facts are not materially distinguishable for purposes of the Court's decision, and on that basis . . . does not oppose the [P]etition and defers to the Court on the appropriate relief."  (*Id*. at 2–3.)

This Court has granted several habeas petitions filed by similarly situated petitioners who were previously released from detention on their own recognizance and re-detained several years later.  In *Faizyan v. Casey*, the Court held such petitioners are "subject to the discretionary detention procedures under 8 U.S.C. § 1226 and [their] detention without a bond hearing violates the Due Process Clause."  Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *2 (S.D. Cal. Nov. 17, 2025); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a).").  Applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court also found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights."  *Faizyan*, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *see C.A.R.V. v. Wofford*, Case No. 1:25- CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding a due process violation where the petitioner was initially released on his own recognizance); *Leiva Flores v. Albarran*, Case No. 25- cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (finding the same and requiring a hearing before detention).

Like in *Faizyan*, Petitioner was previously released from ICE custody pursuant to an Order of Release on Recognizance.  (*See* Doc. 1-3, Ex. D at 12; *see also id*., Ex. C at 9.) "As ICE was not authorized to release [Petitioner] if [he] was a danger to the community

3:26-cv-03655-RBM-DDL

or a flight risk, the Court must infer from [his] release that ICE determined [he] was neither." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

After residing in the United States for over two years, Petitioner was re-detained and taken into ICE custody in December 2025. (Doc. 1 at 2.)  The Court therefore adopts its reasoning in *Faizyan* and applies it here.  For those same reasons, the Court finds that: (1) Petitioner is subject to § 1226's discretionary detention procedures; and (2) ICE's revocation of Petitioner's release on his own recognizance without a pre-deprivation hearing violated his due process rights and rendered his detention unlawful.  *See Faizyan*, 2025 WL 3208844, at *7; *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although . . . Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("[I]f Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[ ] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV.   <u>CONCLUSION</u>

Based on the foregoing reasons, the Petition (Doc. 1) is **<u>GRANTED</u>**.  Accordingly:

1. The Government is **<u>ORDERED</u>** to immediately release Petitioner from custody, subject to the conditions of his preexisting Order of Release on Own Recognizance.

2. The Court **<u>ORDERS</u>** that, prior to any re-detention, the Government **<u>SHALL</u>** provide Petitioner with adequate notice of the reasons for revocation of his release and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  At such a hearing, the noncitizen bears the burden of demonstrating, by a preponderance of the evidence, that he is

3:26-cv-03655-RBM-DDL

not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

**IT IS SO ORDERED**.

DATE: July 17, 2026

_____

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-03655-RBM-DDL